**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RUSSELL CUCIAK, <br><br> Plaintiff, <br><br> v. <br><br> WARDEN THEODORE HUTLER, et al., <br><br> Defendants. | Civil No. 05-1121 (GEB) <br><br> **O P I N I O N** |

APPEARANCES:

    Russell Cuciak, *Pro Se*
    Ocean County Jail
    120 Hooper Avenue
    Toms River, NJ 08753

**BROWN, JR., District Judge**

    Plaintiff, Russell Cuciak, currently confined at the Ocean County Jail, Toms River, New Jersey, seeks to bring this action *in forma pauperis* without prepayment of fees pursuant to 28 U.S.C. § 1915. Based upon Plaintiff's affidavit of indigence and institutional account statement, the Court will grant his application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

    At this time, the Court must review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it

RECEIVED
MAY 1 3 2005
AT 8:30 _____ M
WILLIAM T. WALSH
CLERK

seeks monetary relief from a defendant who is immune from such relief. Based on the following, the Court finds that Plaintiff's complaint will be dismissed for failure to state a claim upon which relief may be granted.

## BACKGROUND

Plaintiff states that on October 17, 2004, he was housed in the medical unit of the Ocean County Jail with another inmate, James Brown. Brown apparently annoyed defendant Officer Fitzpatrick, and was threatened by the officer. At some point, defendant Fitzpatrick entered the cell housing Plaintiff and Brown, and pushed Plaintiff into a corner. Defendant Fitzpatrick then stepped on Plaintiff's bare feet causing Plaintiff's toenail to become split and broken. Defendant Fitzpatrick then began to assault Brown.

Plaintiff states that defendant Officer Terizzi witnessed the assault on Brown and did not intervene. Plaintiff states that defendant Terizzi prevented him from leaving the area during the assault.

Upon witnessing the assault, Plaintiff, who suffers from mental illnesses including "active delusional belief system" and "paranoid and grandiose themes," began to experience a panic attack. Defendant Fitzpatrick told him "Do you know where you are at? This is jail! You can die in here and no one will know what happened."

The psychologist on duty, named as "Jane Doe" in the complaint, failed to respond to Plaintiff's immediate need for mental treatment, stating that because Plaintiff had a contagious staph infection, she could not get near him.  Plaintiff states that a month later he received a medication change.  He also states that defendant Fitzpatrick's threats affected his mental health.  He "continues to experience feelings of paranoia and abnormal fears of being beaten up by the [Ocean County Jail] staff and defendant Fitzpatrick."

## DISCUSSION

### A. Standard of Review

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"), Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).  Congress's purpose in enacting the PLRA was "primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Tort Claims Act . . . many of which are routinely dismissed as legally frivolous."  Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996).  A crucial part of the congressional plan for curtailing meritless prisoner suits is the requirement, embodied in 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), that a court must dismiss, at the earliest practicable time, any prisoner actions that are frivolous or malicious, fail to state a claim, or seek monetary relief from immune defendants.

3

In determining the sufficiency of a complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court should "accept as true all of the allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, lend credit to a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

"A pro se complaint may be dismissed for failure to state a claim only if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981) (quoting Haines, 404 U.S. at 520).

**B. Plaintiff's Claims for Relief**

A plaintiff may have a federal cause of action under 42 U.S.C. § 1983 for alleged violations of his or her constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable

4

>       to the party injured in an action at law, suit in
>       equity, or other proper proceeding for redress.

Thus, to establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate (1) that he or she was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States; and (2) that the challenged conduct was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

### C. **Plaintiff's Claims Against Defendant Fitzpatrick Will Be Dismissed.**

In this case, Plaintiff complains that defendant Fitzpatrick pushed him into a corner, stepped on his bare foot and broke his toenail, and yelled at him that he could die in jail and nobody would know what happened. As a result, he had a panic attack and emotional distress. Plaintiff does not allege that the alleged "push" or his toenail injury required medical attention.

Allegations of verbal abuse do not rise to the level of a constitutional violation. See, e.g., Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (use of vulgarity does not support § 1983 claim); Ellingburg v. Lucas, 518 F.2d 1196, 1197 (8th Cir. 1975) (prison employee's use of obscene name does not violate prisoner's constitutional rights); Wilson v. Horn, 971 F. Supp. 943, 947-48 (E.D. Pa. 1997)(verbal abuse and harassment do

not rise to the level of a constitutional violation), aff'd, 142 F.3d 430 (3d Cir. 1998). Additionally, Plaintiff does not state a cognizable claim under the Eighth Amendment for excessive force.[1] Therefore, Plaintiff's claims against this defendant will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

Further, "[n]o Federal civil action may be brought by a prisoner confined in jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Thus, Section 1997e(e) bars prisoner claims for damages based purely on mental and emotional distress. See

---

[1] The extent of Plaintiff's injuries, even if the injuries are de minimis, do not drive the Eighth Amendment analysis. See Smith v. Mensinger, 293 F.3d 641, 648 (3d Cir. 2002). Instead, "the Eighth Amendment analysis must be driven by the extent of the force and the circumstances in which it is applied; not by the resulting injuries." Id.
To set forth a valid claim for the use of excessive force under the Eighth Amendment, a plaintiff must demonstrate that "officials applied force maliciously and sadistically for the very purpose of causing harm, or . . . that officials used force with a knowing willingness that [harm] occur." Farmer v. Brennan, 511 U.S. 825, 835-36 (1994) (internal quotation marks and citations omitted). In this case, Plaintiff alleges that his bare foot was stepped on, breaking his toenail. It does not appear from the facts alleged by Plaintiff that defendant applied this "force" maliciously or sadistically to cause Plaintiff's harm.

Heiseler v. Kralik, 981 F. Supp. 830, 837 n.3 (S.D.N.Y. 1997), aff'd, 164 F.3d 618 (2d Cir. 1998).

### D. Plaintiff's Failure to Intervene Claim Will Be Dismissed.

Plaintiff seeks to sue defendant Officer Terizzi for failing to intervene to prevent the assault on inmate Brown.

The Third Circuit has recently held that "a corrections officer's failure to intervene in a beating can be the basis of liability for an Eighth Amendment violation under § 1983 if the corrections officer had a reasonable opportunity to intervene and simply refused to do so." Smith v. Mensinger, 293 F.3d 641, 650 (3d Cir. 2002). However, "an officer is only liable if there is a realistic and reasonable opportunity to intervene." Id. at 651 (citing Putman v. Gerloff, 639 F.2d 415, 423-24 (8th Cir. 1981)(liability exists only if the non-intervening officer saw the beating or had time to reach the offending officer))(other citations omitted).

With regard to the personal claims of Plaintiff, this Court finds from the facts alleged that Plaintiff was not subjected to an assault; however, even if he were so assaulted, the Court finds that defendant Terizzi did not have a realistic and reasonable opportunity to intervene in stopping defendant Fitzpatrick from stepping on his toe. Therefore, this claim will be dismissed for failure to state a claim upon which relief may

be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

### E. Claims Against Defendant Jane Doe Will Be Dismissed.

Plaintiff names as a defendant "Jane Doe," a psychologist working at the jail at the time of the incident. Plaintiff states that this defendant refused to see him after the incident to treat his mental state because he had a staph infection that was contagious at the time.

The Court construes this claim as a failure to provide medical care. The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. See Estelle v. Gamble, 429 U.S. 97, 103-04 (1976). In order to set forth a cognizable claim for a violation of his right to adequate medical care, an inmate must allege: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. See id. at 106.

In the instant case, Plaintiff states that he "remained panic[ked] until medical treatment of medication change was ordered by the psychiatrist a month later." Although Plaintiff states that he continues to experience feelings of paranoia and "abnormal fears of being beaten up by the [jail] staff and defendant Fitzpatrick," he does not state that he has been denied medical or psychological treatment altogether. Therefore, the

claims against defendant "Jane Doe" will be dismissed for failure to state a claim upon which relief may be granted.

### F. Claims Against Warden Hutler and Maria Alicea Will Be Dismissed.

Plaintiff states no claims against Warden Hutler, except to say that he filed a grievance regarding the incident. The grievance form, which is attached to Plaintiff's complaint, was investigated by "Sergeant J. Davis." Plaintiff also states no claims against defendant Alicea, who he names as the director of health care services at the jail. He states that she is responsible for training defendant "Jane Doe."

It is settled law that supervisory prison personnel may be held liable under § 1983 only if their own actions caused the constitutional deprivation. See Keenan v. City of Philadelphia, 983 F.2d 459, 466 (3d Cir. 1992). A supervisor may be held liable for the actions of subordinates only if the plaintiff can show that the supervisor: (1) participated in violating the plaintiff's rights; (2) directed others to violate them; (3) as the person in charge, had knowledge of and acquiesced in his or her subordinates' violations; or (4) tolerated past or ongoing misbehavior. See Baker v. Monroe Township, 50 F.3d 1186, 1190-91 (3d Cir. 1995); Friedland v. Fauver, 6 F. Supp.2d 292, 302-03 (D.N.J. 1998). Furthermore, where a plaintiff seeks to establish liability based on a supervisor's failure to train or supervise adequately, the plaintiff must show that a need for more or

9

different training or supervision is so obvious, and the inadequacy so likely to result in constitutional violations, that the failure to train or supervise can fairly be said to represent official policy. See City of Canton v. Harris, 489 U.S. 378, 388-92 (1989); Stoneking v. Bradford Area School Dist., 882 F.2d 720, 724-26 (3d Cir. 1989), cert. denied, 493 U.S. 1044 (1990).

From the facts alleged in the complaint, Plaintiff's claims against defendants Hutler and Alicea must be based on an impermissible theory of respondeat superior or vicarious liability. See Polk County v. Dodson, 454 U.S. 312, 324 (1981) (stating that a § 1983 claim cannot be based on respondeat superior liability); Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978) (holding that supervisory personnel are liable under § 1983 only if they have some personal role in causing the alleged harms or were responsible for some custom or practice which resulted in the violations). Thus, the claims against these defendants will be dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

## CONCLUSION

Based on the foregoing, the Court will grant plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, and order the Clerk of the Court to file Plaintiff's Complaint. The Complaint will be dismissed in its entirety for

failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

An appropriate Order accompanies this Opinion.

                                    GARRETT E. BROWN, JR.
                                    United States District Judge

Dated: May 13, 2005